IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WEST LINN PAPER COMPANY; COLUMBIA RIVER LOGISTICS, INC.; and 6200605 CANADA, INC., | 3:17-cv-01880-BR<br><br>OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| ALBERTA-PACIFIC FOREST INDUSTRIES, INC.; CANFOR PULP AND PAPER SALES, LTD.; CARGILL, INC.; MERUBENI AMERICA CORPORATION; and RESOLUTE FP, INC., | |
| Defendants. | |
| CANFOR PULP AND PAPER SALES LTD., | |
| Third-Party Plaintiff, | |
| v. | |
| WELLS FARGO BANK, N.A., and BELGRAVIA PULP HOLDINGS, INC., | |
| Third-Party Defendants. | |

JOSEPH M. VANLEUVEN
NICHOLAS A. KAMPARS
BLAKE J. ROBINSON
Davis Wright Tremaine LLP

1 - OPINION AND ORDER

1300 S.W. Fifth Ave., Suite 2400
Portland, OR 97201
(503) 241-2300

       Attorneys for Plaintiff West Linn Paper Company
       and Columbia River Logistics, Inc.

**TARA J. SCHLEICHER**
**JASON M. AYRES**
Farleigh Wada Witt
121 S.W. Morrison St., Suite 600
Portland, OR 97204
(503) 228-6044

**ROBERT J. KEACH**
**LINDSAY ZAHRADKA MILNE**
**ADAM R. PRESCOTT**
Bernstein, Shur, Sawyer & Nelson, P.A.
100 Middle St.
P.O. Box 9729
Portland, ME 04104
(207) 774-1200

       **Attorneys for Plaintiff 6200605 Canada, Inc., and**
       Third-Party Defendant Belgravia Pulp Holdings, Inc.

**CLIFFORD S. DAVIDSON**
Sussman Shank, LLP
1000 S.W. Broadway St., Suite 1400
Portland, OR 97205
(503) 227-1111

       Attorneys for Defendant Alberta-Pacific Forest
       Industries, Inc.

**CONDE T. COX**
Law Office of Conde Cox
1001 S.W. Fifth Ave., Suite 1100
Portland, OR 97204
(503) 535-0611


**KEITH Y. BOYD**
The Law Office of Keith Y. Boyd
724 S. Central Ave., Suite 106
Medford, OR 97501
(541) 873-2422

       Attorneys for Defendant/Third-Party Plaintiff Canfor
       Pulp and Paper Sales, Ltd.

**BROWN, Senior Judge.**

This matter comes before the Court on the Motion (#70) for Summary Judgment and Revised Motion (#108) for Summary Judgment filed by Plaintiff 6200605 Canada, Inc. (605 Canada) and the Cross-Motion (#79) for Summary Judgment filed by Defendant Canfor Pulp and Paper Sales, Ltd.[1]

Plaintiffs and Defendant Alberta-Pacific Forest Industries, Inc. (Al-Pac) settled their dispute before the Court's resolution of 605 Canada's Motion, and, therefore, the Court **DENIES as moot** that part of 605 Canada's Motion against Al-Pac.

For the reasons that follow, the Court **DENIES** 605 Canada's Motion against Canfor and **GRANTS in part** and **DENIES in part** Canfor's Cross-Motion against 605 Canada.

## BACKGROUND

The following facts are taken from the Joint Statements of Undisputed Material Facts (#100, #101) and the materials submitted by the parties regarding the Motions and are undisputed unless otherwise noted. Because the record is sufficiently developed to resolve these matters, the Court concludes oral argument is unnecessary.

**I. Factual Background**

---

[1] Plaintiffs previously dismissed Defendants Cargill, Inc.; Marubeni America Corporation; Resolute FP, Inc.; and Wells Fargo Bank.

3 - OPINION AND ORDER

Plaintiff West Linn Paper Company operated a paper mill in Clackamas County, Oregon. As part of its mill operations West Linn purchased wood-pulp products from, among others, Al-Pac and Canfor.

Plaintiff Columbia River Logistics, Inc. (CRL) is located in Vancouver, Washington, and provides storage, warehousing, transportation, and loading/unloading logistical services for wood-pulp products.

Brian Konen is the president of West Linn; CRL; and Belgravia Investments, Inc., the parent company of Third-Party Defendant Belgravia Pulp Holdings, Inc. (BPH).

As a result of agreements between West Linn, 605 Canada, CRL, BPH, Wells Fargo, and other entities that are not parties to this case, 605 Canada obtained and perfected security interests in all real and personal property belonging to West Linn and BPH obtained and perfected its security interests in West Linn's property.

In January 2016 Canfor executed an agreement (Canfor Agreement) to sell West Linn 10,000 metric tons of wood pulp per calendar year in monthly shipments of 500 metric tons from January through April 2016 and 1,000 metric tons for May through December 2016. Paragraph 5 of the Canfor Agreement provides: "Invoicing and Method and Place of Delivery: CPT [West Linn's] Mill in West Linn, OR. . . . Product will be invoiced upon

departure from [CRL], or as appropriate."

Between August 10, 2017, and October 12, 2017, Canfor shipped wood pulp (Canfor Inventory) to CRL pursuant to the Canfor Agreement with West Linn.

On October 16, 2017, however, West Linn ceased operations.

On October 19, 2017, Canfor requested CRL allow removal of the Canfor Inventory from CRL, but CRL refused and indicated 605 Canada and BPH, as secured creditors of West Linn, asserted security interests in the Canfor Inventory.

In response to notice from West Linn that it would be discontinuing operations, Canfor sent a letter to West Linn and CRL on October 20, 2017, in which Canfor stated the Canfor Inventory was in the process of being delivered or had been delivered. Canfor demanded delivery of the Canfor Inventory to be stopped and/or the Canfor Inventory to be returned to Canfor.

West Linn and CRL did not release the Canfor Inventory.

On January 2, 2018, the Court authorized the deposit by Canfor of $1,200,000 with the Clerk of Court that represents the value of the Canfor Inventory as stipulated by the parties, and the physical goods were released to Canfor by CRL/West Linn with the approval of 605 Canada and BPH. It is undisputed that the Canfor Inventory was not physically moved from CRL until sometime after January 9, 2018.

The parties agree during 2016 and 2017 Canfor sold to West Linn other wood pulp that is not part of the Canfor Inventory. The parties also agree West Linn is indebted to Canfor for unpaid

5 - OPINION AND ORDER

invoices (Schedule A - Unpaid Invoices) in the amount of
$621,660.772 for such wood-pulp shipments.

**II. Procedural Background**

On November 22, 2017, Plaintiffs filed a Complaint (#1) for
Declaratory Judgment. Plaintiffs allege Canfor asserts an
interest in the goods Canfor sold to West Linn that were held by
CRL and that are now in the form of the funds held by the Clerk
of Court. Plaintiffs seek a determination that any of Canfor's
interests therein are inferior to the security interests of 605
Canada and that West Linn and CRL are entitled to liquidate the
goods and to remit the proceeds to 605 Canada free of any
interests of Canfor.

As noted, on December 19, 2017, the parties stipulated (#29)
the value of the Canfor Inventory was $1,200,000; that Canfor
could deposit funds in that amount with the Clerk of Court; and
that Canfor could take possession of the Canfor Inventory for
sale to other third parties. Thereafter on January 2, 2018, the
Court approved (Order #34) the parties' Stipulation and
authorized Canfor to deposit funds with the Clerk of Court to be
held pending resolution of Plaintiffs' Claims. On January 9,
2018, Canfor deposited $1,200,000 (the Deposit) with the Clerk of
Court. Subsequently, the Canfor Inventory was released to Canfor
by CRL/West Linn.

On March 6, 2018, Canfor filed an Answer, Counterclaims, and
Third-Party Claims (#48) in response to Plaintiffs' Complaint.
Canfor asserted Counterclaims for declaratory relief, conversion,

6 - OPINION AND ORDER

and breach of contract against Plaintiffs and Third-Party Claims against BPH.

On May 1, 2018, 605 Canada filed a Motion (#70) for Summary Judgment on its claims against Canfor.

On May 25, 2018, Canfor filed a Cross-Motion (#79) for Summary Judgment on its Counterclaims against West Linn, 605 Canada, and CRL and Third-Party Claims against BPH.

On June 12, 2018, the Court directed the parties to file updated or amended memoranda in support of their respective Motions. Order #99.

On July 9, 2018, 605 Canada filed a Revised Motion (#108) for Summary Judgment and Canfor filed an updated Memorandum (#105) in support of its Cross-Motion for Summary Judgment.

On September 4, 2018, following completion of briefing by the parties, the Court took 605 Canada's Motions and Canfor's Cross-Motion under advisement.

## **STANDARDS**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must

go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id*. "This burden is not a light one . . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC*

*v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

**DISCUSSION**

**I.   605 Canada's Motion for Summary Judgment against Canfor**

605 Canada seeks summary judgment on its claim for declaratory judgment against Canfor. 605 Canada asserts its security interest attached to the Canfor Inventory at the time the Canfor Inventory was delivered to CRL and was superior to Canfor's interest. 605 Canada also asserts CRL acted as West Linn's agent for goods delivered to CRL; West Linn controlled CRL; and, therefore, West Linn controlled the contents of the warehouse. According to 605 Canada, control requires more than "bare possession," but constructive possession is sufficient; *i.e.*, control does not require legal title. Thus, when the Canfor Inventory was delivered to CRL, 605 Canada asserts West Linn had possession and control of the Canfor Inventory and 605 Canada's security interest attached to the Canfor Inventory.

In response, Canfor contends the Canfor Inventory was only warehoused at CRL rather than "sold" to West Linn. Canfor points to evidence that shows Canfor had a warehousing agreement with

CRL.  Canfor also notes paragraph 5 of the Canfor Agreement provides:  "Invoicing and Method and Place of Delivery:  CPT [West Linn's] Mill in West Linn, OR . . . .  Product will be invoiced upon departure from [CRL], or as appropriate."  Based on this provision and the fact that the Canfor Inventory was never shipped to the mill in West Linn, Oregon, Canfor argues West Linn did not obtain the requisite possession or control of the Canfor Inventory.

### **605 Canada's Evidentiary Objections to Canfor's Response to 605 Canada's Motion for Summary Judgment**

605 Canada includes a Motion to Strike in its Reply in which it objects to Canfor's proffered evidence in opposition to 605 Canada's Motion for Summary Judgment and, in any event, contends the proffered evidence does not constitute sufficient admissible evidence to raise genuine disputes of material fact.  Specifically, 605 Canada objects to several Declarations filed by Canfor on the grounds that statements in the attached Declarations or Exhibits are hearsay, are not based on personal knowledge, are not authenticated, state legal conclusions, or are not made under penalty of perjury.  For example, 605 Canada objects to certain statements in the Declaration (#81) of Klaus Gundermann, the Assistant Controller for the parent company of Canfor.  Gundermann states his Declaration is based on his personal knowledge that Canfor goods stored at CRL were Canfor property and that Canfor goods were released to Canfor customers only after prior approval by Canfor.  Gundermann also states use of the term "CPT" in the Canfor Agreement indicates the seller

10 - OPINION AND ORDER

pays the cost of freight to the place of delivery specified by the seller, which, in this case, was West Linn's Mill in West Linn, Oregon. Canfor contends these statements are sufficient to create a genuine dispute of material fact regarding ownership or control of the Canfor Inventory.

As another example, 605 Canada objects to the Declaration (#82) of Rosanna Lam, the Manager of Transportation Services for Canfor. Lam states her Declaration is based on her personal knowledge and the emails attached to her Declaration were created by her or sent to her as part of the regular business activities of Canfor. Lam also states she received an email from CRL confirming the pricing for storage of Canfor goods at CRL and confirming the "services currently [in 2016] provided for Canfor" for "storage and distribution." Lam further states on November 9, 2017, during an inspection of the Canfor Inventory stored at CRL, she noted the Canfor Inventory had not been moved or shipped to any other location and that CRL confirmed the Canfor Inventory had not been moved or shipped to any other location.

The Court has considered 605 Canada's Objections and concludes the Declarations of Gundermann and Lam are made under penalty of perjury; that Gundermann and Lam each indicate their statements are based on the personal knowledge and opinions of the Declarant; and that, for the most part, the Declarations are not based on hearsay and are properly authenticated. The Court, therefore, **OVERRULES** 605 Canada's Objections to these

Declarations.

The Court also concludes these two Declarations substantively constitute sufficient admissible evidence to raise at this stage genuine disputes of material facts that preclude summary judgment on 605 Canada's Motion. The Court will determine in connection with trial any renewed evidentiary motions and whether other proffered evidence is admissible.

Accordingly, the Court **DENIES** Plaintiff 605 Canada's Motion for Summary Judgment on its claim for declaratory judgment against Defendant Canfor.

## II. Canfor's Cross-Motion for Summary Judgment

Canfor alleges Counterclaims against Plaintiffs and third-party claims against BPH.[2] Canfor moves for summary judgment on these claims and for denial of 605 Canada's Motion for Summary Judgment.

### A. Canfor's Counterclaim No. 1 against all Plaintiffs for Declaratory Judgment

In Canfor's Counterclaim No. 1, Canfor seeks declaratory judgment against all Plaintiffs that West Linn did not acquire title or ownership of the Canfor Inventory; that a sale of the Canfor Inventory pursuant to the Canfor Agreement did not occur; and, therefore, that Canfor's Deposit of $1,200,000 with the Clerk of Court should now be paid to Canfor.

As noted, whether the Canfor Inventory was stored at

---

[3] As noted, Plaintiffs previously dismissed Third-Party Defendant Wells Fargo Bank from this action.

12 - OPINION AND ORDER

CRL as part of Canfor's warehouse account, whether the Canfor Inventory was in the possession and control of West Linn at the time it was delivered to CRL, and whether CRL was an agent for West Linn are significant issues in this case.  As noted, Canfor contends the terms of the Canfor Agreement required the goods to be delivered to West Linn's mill before West Linn obtained possession and title.  In response, 605 Canada[3] contends title is irrelevant, that West Linn obtained possession and control over the Canfor Inventory when it was delivered to CRL, and that 605 Canada's security interest attached to the Canfor Inventory when it was delivered to CRL.

Canfor notes the Canfor Agreement provides goods subject to the agreement were to be shipped "CPT [West Linn's] mill in West Linn, OR" and "[p]roduct will be invoiced upon departure from [CRL], or as appropriate."  Canfor asserts there is not any evidence that the Canfor Inventory was loaded for shipment to West Linn's mill at any time.  Canfor also points out that the record reflects it paid CRL for storage services for Canfor wood pulp and Canfor was required to approve any release of stored goods before shipment of the wood pulp to any buyer.

On this record the Court concludes there are genuine disputes of material fact that preclude declaratory judgment against Plaintiffs on Canfor's Counterclaim No. 1.  Accordingly,

---

[4] CRL joined in each of 605 Canada's arguments against Canfor.  CRL's Resp. (#121).  The Court notes West Linn only responded to Canfor's Motion regarding Counterclaim No. 4.  West Linn's Resp. (#119).

the Court **DENIES** Canfor's Cross-Motion as to Counterclaim No. 1.

    **B.    Canfor's Counterclaim No. 2 against all Plaintiffs for Stoppage**

In the alternative to Counterclaim No. 1, Canfor alleges in Counterclaim No. 2 that Canfor is entitled to a judgment for reclamation or stoppage in transit of the Canfor Inventory and for return of the Deposit because the Canfor Inventory was in the process of being shipped to West Linn. Canfor contends it sent a letter to CRL and West Linn on October 20, 2017, requesting CRL to stop any delivery of goods to West Linn and to return any such goods to Canfor. Canfor asserts this stoppage in transit prevented the transfer of title to West Linn and, therefore, prevented the creation of any security interest of 605 Canada and BPH in the Canfor Inventory.

605 Canada, however, contends a claim for reclamation or stoppage only applies when the goods are "in transit." 605 Canada asserts the Canfor Inventory at issue here was not in transit and delivery was already complete when Canfor sent the letter on October 20, 2017. Thus, according to 605 Canada, Canfor's request for reclamation or stoppage was ineffective.

As noted, the Court has concluded there are genuine disputes of material fact regarding the status of the Canfor Inventory. Until these issues are resolved, it is premature to address dispositively Canfor's Counterclaim No. 2 that is pled in the alternative to Counterclaim No. 1. In any event, as noted, there are also genuine disputes of material fact regarding the status of the Canfor Inventory that preclude summary judgment on

14 - OPINION AND ORDER

Canfor's Counterclaim No. 2. Accordingly, the Court **DENIES** Canfor's Cross-Motion as to Counterclaim No. 2.

**C. Canfor's Counterclaim No. 3 against 605 Canada and Canfor's Third-Party Claim No. 1 against BPH for Declaratory Judgment**

In Canfor's Counterclaim No. 3 against 605 Canada and Third-Party Claim No. 1 against BPH, Canfor seeks declaratory judgment that 605 Canada and BPH do not have liens on the Canfor Inventory because West Linn did not obtain ownership or title to the Canfor Inventory.

As noted, the Court has concluded there are genuine disputes of material fact regarding the status of the Canfor Inventory. For that reason the Court concludes there are genuine disputes of material fact that preclude summary judgment on Canfor's Counterclaim No. 3 against 605 Canada and Canfor's Third-Party Claim No. 1 against BPH. Accordingly, the Court **DENIES** Canfor's Cross-Motion for Summary Judgment on these Claims.

**D. Canfor's Counterclaim No. 4 against West Linn for Breach of Contract**

In Counterclaim No. 4 Canfor alleges West Linn failed to pay for other goods that were not part of the Canfor Inventory and that Canfor sold to West Linn as itemized in "Schedule A" attached to the Joint Statement of Undisputed Facts (#100). Canfor seeks a judgment against West Linn for $621,660.72 in unpaid invoices. In the alternative, if the Court determines Canfor is not entitled to the Deposit that Canfor submitted to the Clerk of Court, Canfor seeks judgment against West Linn in

15 - OPINION AND ORDER

the amount of $1,821,660.72.

West Linn "does not dispute it owes Canfor $621,660.72 for these [Schedule A] invoices." West Linn Resp. (#119). Thus, there is not a genuine dispute of material fact as to Canfor's breach-of-contract claim against West Linn.

On this record the Court concludes West Linn owes Canfor $621,660.72 for unpaid invoices identified as Schedule A goods, and, accordingly, the Court **GRANTS** Canfor's Motion for Summary Judgment on Counterclaim No. 4 for that amount of damages.

    **E.    Canfor's Counterclaim No. 5 against 605 Canada and CRL and Canfor's Third-Party Claim No. 2 against BPH for Conversion**

Canfor alleges claims for conversion in Counterclaim No. 5 against 605 Canada and CRL and in Third-Party Claim No. 2 against BPH. Canfor asserts it demanded CRL to release the Canfor Inventory from CRL's warehouse in October and November 2017. At the direction of 605 Canada and BPH, however, CRL refused to release the Canfor Inventory. Thus, Canfor contends the actions of 605 Canada, BPH, and CRL prevented Canfor from removing the Canfor Inventory from CRL, which Canfor contends constituted a conversion of Canfor's property.

According to 605 Canada,[4] however, its security interest in the Canfor Inventory constitutes an affirmative defense to Canfor's claim of conversion.

---

[5] CRL joined in 605 Canada's Response. CRL Resp. (#121). BPH did not file a response to Canfor's Cross-Motion.

As noted, the Court has concluded there is a genuine dispute of material fact as to whether the Canfor Inventory was in the possession and control of West Linn when it was delivered to CRL. Thus, the Court concludes there is a genuine dispute of material fact as to whether 605 Canada has a security interest in the Canfor Inventory. The Court, therefore, **DENIES** Canfor's Cross-Motion for Summary Judgment on its conversion claims.

### F. Canfor's Argument regarding the Law-of-the Case Doctrine

Canfor also asserts it is entitled to summary judgment against Plaintiffs and BPH on the ground that West Linn did not oppose Canfor's Cross-Motion regarding Counterclaim No. 1 for declaratory judgment, and, therefore, under the "law-of-the-case doctrine" the Canfor Inventory was not sold to West Linn. Canfor does not cite any binding Ninth Circuit or Supreme Court precedent to support its position, but instead Canfor relies on a state-court decision from the Supreme Court of North Carolina that "a decision on one issue does indeed bind all other parties that are privies of the party against whom the determination is made." Canfor Reply (#127) at 4. The Court notes this issue was raised for the first time in Canfor's Reply in support of its Cross-Motion for Summary Judgment, and, as a result, the opposing parties were not required to and did not request the opportunity to respond to this issue. Because the North Carolina state-court case cited by Canfor is not binding on this Court and, in any event, does not appear to be helpful in resolving the issues in this case, the Court concludes on this record that the law-of-

17 - OPINION AND ORDER

the-case doctrine does not apply in this matter as Canfor contends.

### G. 605 Canada's Evidentiary Objections to Canfor's Cross-Motion

In its Response to Canfor's Cross-Motion, 605 Canada includes a Motion to Strike in which it objects to certain evidence that Canfor proffered in support of its Cross-Motion. Canfor relies on the same evidence proffered in opposition to 605 Canada's Motion for Summary Judgment, and 605 Canada raises the same or similar objections to that evidence.

As noted, the Court has considered 605 Canada's Objections to Canfor's proffered evidence; finds there is sufficient admissible evidence for the Court to conclude that genuine disputes of material fact exist; and, therefore, **OVERRULES** 605 Canada's Objections at this stage of the proceedings.

In summary, the Court **GRANTS** Canfor's Cross-Motion for Summary Judgment as to Canfor's Counterclaim No. 4 against West Linn for breach of contract and **DENIES** Canfor's Cross-Motion for Summary Judgment in all other respects on the ground that there are genuine disputes of material fact that preclude summary judgment.

## CONCLUSION

For these reasons, the Court **DENIES** 605 Canada's Motions (#70, #108) for Summary Judgment, **GRANTS** Canfor's Cross-Motion (#79) for Summary Judgment as to Canfor's Counterclaim No. 4

against West Linn for breach of contract, and **DENIES** Canfor's Cross-Motion for Summary Judgment in all other respects.

The Court **DIRECTS** the parties to confer and to file **no later than October 29, 2018**, a joint proposed case-management plan that includes mutually agreeable dates for trial and an estimate of the length of trial. On receipt of the parties' joint proposed case-management plan, the Court will set a telephone scheduling conference with the parties.

IT IS SO ORDERED.

DATED this 19th day of October, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge